# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1368

———————

United States,

        Appellee,

v.

Derrick A. Miller,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: December 26, 2007
Filed: January 17, 2008

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

     Derrick Miller (Miller) appeals the 51-month imprisonment the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Miller's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and seeks permission to withdraw. Miller's counsel raises as possible issues the unreasonableness of Miller's sentence and ineffective assistance of counsel. In a pro se supplemental brief, Miller also argues

———————

    [1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

ineffective assistance of counsel, stating his counsel failed to raise possible grounds for departure at sentencing.

We decline to address Miller's ineffective-assistance arguments on direct appeal, as his claims should be raised in a 28 U.S.C. § 2255 motion. <u>See</u> <u>United States v. Harris</u>, 310 F.3d 1105, 1111-12 (8th Cir. 2002) (explaining ineffective-assistance claims generally should be raised under 28 U.S.C. § 2255 because they normally require development of facts outside the record).

We conclude Miller's within-Guidelines-range sentence is not unreasonable, because there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in weighing appropriate factors. <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1003-04 (8th Cir. 2005) (stating standard of review; discussing circumstances in which abuse of discretion may occur); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness for within-Guidelines-range sentences); <u>United States v. Denton</u>, 434 F.3d 1104, 1113-16 (8th Cir. 2006) (applying presumption). The district court did not abuse its discretion.

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We grant counsel leave to withdraw, and we affirm.

_____